AGNES E. TAPPEHORN v. G. HENSHAW & SONS CO.

**Agreement Between Husband and Wife to Transfer to Her Certain Furniture Competent in Suit to Foreclose Mortgage Subsequently Executed Thereon.**

> An agreement between husband and wife, whereby he transferred to her certain furniture, claimed under a chattel mortgage by him subsequently executed, is improperly excluded in a suit to foreclose such mortgage.

[Syllabus approved by the court.]

ERROR to common pleas court.

*William Shepard* and *H. C. Busch,* for plaintiff in error.
*E. R. Donohue* and *S. K. Henshaw,* for defendants in error.

**SMITH, P. J.**

It was error for the trial court to have excluded the agreement entered into between plaintiff in error and her husband, Frederick Tappehorn, relative to the settlement of their difficulties, and in which agreement the husband transferred to the plaintiff in error the furniture claimed under the chattel mortgage set up in the case.

The evidence shows that the furniture in question was sold and charged on the books of the G. Henshaw & Sons Company.

Hamilton County.

to Frederick Tappehorn in September, 1911, at which time no security was given for the purchase price thereof.

On December 1, 1911, $200 was paid on account of the purchase price.

On January 11, 1912, the agreement mentioned above was executed by Mr. and Mrs. Tappehorn; on January 16, 1912, five days after the execution of the above agreement, Mr. Tappehorn signed a mortgage covering the furniture in question, running to the defendant in error company; while this mortgage bears date of January 8, yet it was not signed or delivered on that day, but upon January 16.

We think under the state of facts in this case that the court erred in rendering judgment in favor of defendant in error, as when Tappehorn undertook to mortgage the furniture to said company he had no title to the same, but had transferred the goods to his wife. The antedating of the mortgage to the date of the agreement between the husband and wife, we think is quite significant.

Judgment reversed.

**Swing** and **Jones, JJ.**, concur.